OPINION OF THE COURT — mr the
Eos. POWIIATTAN ELLIS.
Trespass on the case, on a warranty for the soundness of a negro woman, sold by Tesada (0 Camp. Pica not guilty. When this case was *151 heard, the plaintiff produced a bill of sale from defendant to plaintiff, which warrants the title as well as the health of the negro woman Malinda, for and in consideration of the sum of 475 dollars. It was also proved, that Camp had sold the negro for - 325 dollars to one White, but said negro, soon after the sale to White, and before the institution of this suit, died with the venereal disease. Upon this evidence, the defendant’s counsel moved the court to instruct the jury. 1st, That if they should be of opinion from the evidence, that the plaintiff ought to recover, that then the measure of damages should be the difference between the real value of the slave at the time of sale and warranty, and what would have been her value at that time if sound. 2d, That if plaintiff had sold said slave, which appeared from the evidence, he could not recover from the defendant, unless a recovery had been had against him.
But the court overruled the motion, and charged the jury expressly, that if they found by the evidence, that the slave in question was worthless, and had at the time of the sale the disease of which she died, that the measure of damages should be the sum paid for the negro by Camp, without saying any thing about interest, leaving that matter entirely discretionary with the jury. To which opinion the counsel excepts, &c.
The ónly question raised by the assignment of errors, is as to the measure of damages. The general rule upon this subject cannot be mistaken. In trover, it would be the value of the property at the time of conversion, but according to better and later decisions, the rule has been extended.— As for instance, in trover, for money in a bag, the measure of damages would be the amount of the sum, with interest from the time of conversion. So in a similar action for a slave. The jury would be instructed to give the value of the property at the time of conversion, with its yearly value from the same period, up to the rendition of the judgment of the court. See the case of Thos. Hinds vs. William Terry, referred from Jefferson county, where these principles are clearly established. 14 Johnston, 132. In the case before us, Texada sold a negro to Camp for 475 dollars, and on the 2Sth of September, 1821, warranted her to be sound in body and mind. According to the finding of the jury, she was worthless and unsound, on the day of warranty, and I think the judge instructed the jury correctly, and might with propriety have gone further? *152 and charged them to have found a full verdict, with interest 'from the Say of the date ofthe warranty — as I am fully persuaded the defence sought to be maintained by the defendant cannot be supported by the rules and principles of the law. Will the vices and illegalities of a contract between . Camp and White, be a matter of good defence by Texada 'in the present case, on aseparate and distinct contract? I presume nót. As if Areceives money to the use of B, on an illegal contract between B and C, he shall ‘not be allowed to set up the illegality of the contract, as a defence in an action brought against him for the money of B. See the case of Levant vs. Elliott, in 1 Bos. and Puller. So in this case, Texada should not be allowed to set up the illegal contract of Camp and White, as a matter of de-fence before the court and jury,j because he has received a full price for his negro upon the warranty, and by that alone he must be answerable, it being the contract upon which this action is founded. I will not deny but that Camp will be liable to White, whenever he may think proper to establish his claim, but that a party to a suit at law, can travel out ofthe express terms of his contract, by which his liability has been created, when the jury have said the property warranted, was not worth one cent, is claiming too great an indulgence at the hands of the court. Let the judgment of the court below be affirmed. Judgment against principal and security.